1  **WO**                                                                     BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Earl Rigsby, | No. CV 07-0916-PHX-EHC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendant. | |

Plaintiff Raymond Earl Rigsby filed a 42 U.S.C. § 1983 action against various Defendants raising four counts (Doc. #1). The Court screened the Complaint, dismissed several Defendants and claims, and ordered six Defendants to answer Count I (Doc. # 6). Plaintiff then sought to file a First Amended Complaint, and Defendants moved to dismiss Plaintiff's claims on the grounds that he failed to exhaust his administrative remedies and he is barred by the requisite limitations period (Docs. ##14, 23).

Because Plaintiff attempted to file his Amended Complaint prior to Defendants filing a responsive pleading, Plaintiff's Amended Complaint will be accepted and docketed as a First Amended Complaint. Plaintiff's Motion for a Screening Order will be granted (Doc. #28). The Court will then order Dora Schriro, Greg Fizer, Howard Kinsler, and Carl R. ToersBigns to answer Count I of the First Amended Complaint. The remaining Counts and Defendants will be dismissed. Defendants' Motion to Dismiss and Plaintiff's Motion for an Extension of Time to file a Response to the Motion to Dismiss will be denied as moot (Doc. ## 23, 29).

## I. First Amended Complaint

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Because Plaintiff filed his Amended Complaint before Defendants served a responsive pleading, Plaintiff's request to accept the Proposed First Amended Complaint will be denied as unnecessary and his First Amended Complaint will be docketed as such.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### A. Amended Complaint

Plaintiff names as Defendants (1) Director of the Arizona Department of Corrections (ADC) Dora Schriro; (2) Officer Braswell #12155 at the Lewis Stiner Red Unit; (3) Complex Warden Ernest Trujillo at the Lewis Unit; (4) Deputy Warden David Bourgeos at the Lewis Stiner Red Unit; (5) Officer Huff #13815 at the Lewis Stiner Red Unit; (6) Warden Greg Fizer at the Tucson Complex; (7) Deputy Warden Howard Kinsler at the Tucson Winchester Unit; (8) Deputy Warden Carl R. ToersBigns Eyman Cook Unit; (9) Officer Uehling at the Eyman Cook Unit; (10) Acting Warden Vivian Baltierra at the Eyman Cook Unit; and (11) various John Doe Defendants (Doc. #15). Plaintiff indicated that he was at the Lewis Stiner Red Unit from July 2002 until July 2004; at the Lewis Buchman Unit from July 2004 until January 2005; at the Tucson Complex Winchester Unit from January 2005 until August 2005; and at the Eyman Cook Unit from September 2005 until present (id.).

"Section 1983 does not contain its own statute of limitations." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1998). Therefore, the Court borrows Arizona's statute of limitations, which is two-years. Id. Plaintiff filed his original Complaint on April 30, 2007

- 2 -

1  (Doc. #1). Thus, any claim arising prior to April 30, 2005 is barred by the requisite
2  limitations period. And because Plaintiff was at the Lewis Stiner Red Unit and the Lewis
3  Buckman Unit prior to April 2005, any claim arising during his confinement there and
4  against Defendants employed there is barred. As such, Braswell #12155, Trujillo, Bourgeos,
5  and Huff #13815 will be dismissed from the instant action.

6  **1. Count I**

7  In Count I, Plaintiff alleged that because of Schriro's policies and the direct actions
8  of Fizer, Kinsler, and ToersBijns, Plaintiff suffered overcrowded conditions (Doc. #15). At
9  this early stage, Plaintiff sufficiently states a claim for overcrowding. Schriro, Frizer,
10 Kinsler, and ToersBijns will be ordered to answer this Count.

11 **2. Count II**

12 In Count II and III, Plaintiff alleged that Schriro, Fizer, Kinsler, ToersBijns, and
13 Baltierra failed to protect him because they housed him with known gang members and
14 allowed inmates to supervise inmates (Doc. #15). Plaintiff indicated that as a result, he
15 became helpless prey and had to condone and participate in various illicit gang activities
16 (id.). Plaintiff contended that to refuse to obey gang members would result in assault (id.).
17 Plaintiff maintained that in April 2007, eight non-gang members were physically assaulted
18 and "[i]f a inmate (plaintiff) complains to staff," the complaining inmate is physically
19 assaulted and forced to leave the unit (id.).

20 To state a valid constitutional claim, a plaintiff must allege that he suffered specific
21 injury as a result of the specific conduct of a defendant, and show an affirmative link between
22 the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377
23 (1976). As the Court indicated in the prior screening order, Plaintiff has not adequately
24 described a threat to his safety or well-being; he has not connected the gang activity to a
25 threat to his own safety. Plaintiff argued that he is prey to the gang members and is
26 supervised by the gang members. Plaintiff also alleged that the gang members have assaulted
27 various inmates, apparently not including Plaintiff. But these allegations are too general and
28 do not indicate a specific injury; Plaintiff only alludes to a general fear and speculative harm.

1 Plaintiff's allegations are thus insufficient to support a cause of action and Counts II and III
2 will be dismissed.

### 3. Count IV

In Count IV, Plaintiff alleged that Trujillo, Bourgeos, Braswell, and Huff failed to protect him from a direct assault (Doc. #15). However, because this alleged assault occurred in 2004, it is barred by the requisite limitations period. See TwoRivers, 174 F.3d at 991. Accordingly, Count IV will be dismissed.

### 4. Uehling and the John Doe Defendants

Plaintiff lists Uehling as a Defendant, but fails to name him in any counts or set forth any allegations with respect to Uehling (Doc. #15). Accordingly, Uehliing will be dismissed from the instant action.

Plaintiff also names several "John Doe" Defendants. Because the use of anonymous type appellations to identify defendants is not favored, the John Doe Defendants will be dismissed. But if Plaintiff discovers the true identity of these fictitious parties through the discovery process, or otherwise, he may seek leave of the Court to amend his complaint to name the individuals. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980))

### 5. Claim for Which an Answer Will be Required

Schriro, Frizer, Kinsler, and ToersBijns will be ordered to answer Count I. Because Schriro, Frizer, and ToersBijns have waived service, Plaintiff must properly serve them with the First Amended Complaint by mailing a copy to defense counsel. Kinsler has not waived service. Therefore, Plaintiff must properly serve him as provided below.

**III.   Motion to Dismiss**

Defendants seek to dismiss Plaintiff's original Complaint on the grounds that he failed to exhaust his administrative remedies and several of his claims are barred by the requisite limitations period (Doc. #23). Because Plaintiff is proceeding as to his First Amended Complaint, Defendants' Motion will be denied as moot. Even considering the motion on the merits, the Court would be disinclined to grant the motion given that Defendants have

1 presented the Court with no evidence that a grievance system existed and was made available
2 to Plaintiff. Defendants base their motion on Plaintiff's concession in his Complaint.
3 However, because Defendants bear the burden of raising and proving the absence of
4 exhaustion, Defendants are responsible for presenting the Court with proof of the existence
5 of the grievance system. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

6 **IV.    Warnings**

7     **A.    Release**

8 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
9 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
10 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
11 in dismissal of this action.

12     **B.    Address Changes**

13 Plaintiff must file and serve a notice of a change of address in accordance with Rule
14 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
15 relief with a notice of change of address. Failure to comply may result in dismissal of this
16 action.

17     **C.    Copies**

18 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
19 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
20 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
21 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
22 may result in the filing being stricken without further notice to Plaintiff.

23     **D.    Possible Dismissal**

24 If Plaintiff fails to timely comply with every provision of this Order, including these
25 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
26 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
27 comply with any order of the Court).

28

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to Plaintiff's Motion for an Order (Doc. #14), Plaintiff's Motion for a Screening Order (Doc. #28), Defendants' Motion to Dismiss (Doc. #23), and Plaintiff's Motion for an Extension of Time (Doc. #29).

(2) Plaintiff's Motion for Order (Doc. #14) is **denied as unnecessary**.

(3) The Clerk of Court must docket Plaintiff's Lodged Proposed First Amended Complaint as a First Amended Complaint.

(4) Plaintiff's Motion for a Screening Order (Doc. #28) is **granted**, and Counts II, III, and IV, and Defendants Braswell #12155, Trujillo, Bourgeos, Huff, Uehling, and Baltierra, and the various John Doe Defendants are **dismissed** without prejudice.

(5) Defendant Schriro, Frizer, Kinsler, and ToersBijns must answer Count I.

(6) Plaintiff must serve Schriro, Frizer, and ToersBijns by mailing a copy of his Amended Complaint to defense counsel.

(7) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Kinsler.

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(10) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(11) The United States Marshal must notify Defendant of the commencement of this

action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)   personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

(13) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

//

1       (15)    Defendants' Motion to Dismiss (Doc. #23) and Plaintiff's Motion for an
2  Extension of Time (Doc. #29) are **denied as moot.**
3       DATED this 20th day of November, 2007.

*Earl H Carroll*

Earl H. Carroll
United States District Judge